**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Esrati v. Foley*, Slip Opinion No. 2026-Ohio-2646.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-2646

THE STATE EX REL. ESRATI, APPELLANT, *v.* FOLEY, CLERK OF COURTS, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Esrati v. Foley*, Slip Opinion No. 2026-Ohio-2646.]**

*Quo warranto—County resident lacked standing to seek writ, either under R.C. 2733.05 because he is not the attorney general or a prosecuting attorney or under R.C. 2733.06 because he does not claim entitlement to office of county clerk of courts—Court of appeals' judgment granting county clerk of courts' motion to dismiss affirmed.*

(No. 2025-1584—Submitted May 19, 2026—Decided July 14, 2026.)

APPEAL from the Court of Appeals for Montgomery County, No. CA 30525.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, David Esrati, appeals the judgment of the Second District Court of Appeals dismissing his complaint for a writ of quo warranto against appellee, Michael J. Foley, the Montgomery County clerk of courts. Esrati, a private citizen, requested the writ to remove Foley from office, alleging that Foley had pleaded no contest to criminal charges and thus was incompetent to remain in office. The Second District granted Foley's motion to dismiss, holding that Esrati lacked standing to bring the action. We affirm.

## BACKGROUND

{¶ 2} Esrati, an elector and resident of Montgomery County, alleged the following facts in his complaint. On November 5, 2024, Foley was reelected to the office of Montgomery County clerk of courts while under indictment on multiple felony charges. On June 17, 2025, Foley pleaded no contest to two charges: unauthorized use of a computer, a fifth-degree felony, and soliciting political contributions from public employees, a first-degree misdemeanor. Foley's pleas were accepted by the trial court, and he was found guilty of the two charges and sentenced to community-control sanctions. On June 24, 2025, Esrati filed a complaint for a writ of quo warranto against Foley, asking the Second District for a judgment removing Foley from office under R.C. 2733.14.

{¶ 3} The Second District judges who had been assigned to the case determined that they were required to recuse themselves due to a conflict of interest. Thereafter, the chief justice appointed three visiting judges from the Twelfth District Court of Appeals to preside over the case.

{¶ 4} Foley filed a motion to dismiss, asserting that the case was moot because, after the quo warranto action was filed, the trial court vacated his no-contest pleas on his motion and there was no longer an actual legal controversy between the parties. The court of appeals directed the parties to file memoranda briefing the issue of standing in additional detail. After the parties filed their

memoranda, the court granted Foley's motion to dismiss, holding that Esrati lacked standing to seek a writ of quo warranto.

{¶ 5} Esrati has appealed as of right to this court.

**ANALYSIS**

{¶ 6} An action in quo warranto is the exclusive remedy to litigate the right of a person to hold a public office. *State ex rel. Flanagan v. Lucas*, 2014-Ohio-2588, ¶ 12. Esrati seeks a judgment against Foley under R.C. 2733.14, which provides: "When a defendant in an action in quo warranto is found guilty of usurping, intruding into, or unlawfully holding or exercising an office, franchise, or privilege, judgment shall be rendered that he be ousted and excluded therefrom, and that the relator recover his costs." Esrati contends that Foley is ineligible and disqualified from holding public office under R.C. 2961.02 (providing that "[a]ny person who pleads guilty to a disqualifying offense and whose plea is accepted by the court . . . is incompetent to hold a public office") and 2921.43 (providing that "[a] public servant who is convicted of [soliciting improper compensation] is disqualified from holding any public office" for seven years). Esrati seeks only the removal of Foley from office and does not contend that he himself is entitled to the office.

{¶ 7} The Second District dismissed Esrati's quo warranto action for lack of standing. Whether a party has standing to bring an action is a question of law that we consider de novo. *State ex rel. Teamsters Local Union No. 436 v. Cuyahoga Cty. Bd. of Commrs.*, 2012-Ohio-1861, ¶ 10. "Standing is a preliminary inquiry that must be made before a court may consider the merits of a legal claim." *Kincaid v. Erie Ins. Co.*, 2010-Ohio-6036, ¶ 9. "A party lacks standing to invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the subject matter of the action." *State ex rel. Dallman v. Franklin Cty. Court of Common Pleas*, 35 Ohio St.2d 176 (1973), syllabus. "'The inquiry as to standing must begin with a determination of whether the statute in

question authorizes review at the behest of the plaintiff.'" *Flanagan* at ¶ 17, quoting *State ex rel. E. Cleveland Fire Fighters' Assn., Local 500, Internatl. Assn. of Fire Fighters v. Jenkins*, 2002-Ohio-3527, ¶ 11.

{¶ 8} R.C. 2733.01(A) permits a civil action in quo warranto to be brought in the name of the State against a person who usurps, intrudes into, or unlawfully holds or exercises a public office. Ordinarily, an action in quo warranto against a public official must be brought by the attorney general or a prosecuting attorney under R.C. 2733.05. *See State ex rel. Halak v. Cebula*, 49 Ohio St.2d 291, 292 (1977). An exception is provided in R.C. 2733.06, which authorizes a "person claiming to be entitled to a public office unlawfully held and exercised by another" to bring an action in quo warranto. "R.C. 2733.06 sets forth the standing requirement for a private citizen to file the action." *Flanagan* at ¶ 19; *see also Halak* at 292 ("a private person cannot maintain an action in quo warranto except under the authority of [R.C. 2733.06]"). To be entitled to a writ of quo warranto under R.C. 2733.06, a relator must establish that an office is being unlawfully held and exercised by the respondent and that the relator is entitled to the office. *See State ex rel. Martin v. Shabazz*, 2024-Ohio-5450, ¶ 15. Thus, a private person who has no claim of entitlement to an office cannot maintain an action in quo warranto. *State ex rel. Freeman v. Hayes*, 69 Ohio St.2d 344, 345 (1982).

{¶ 9} Esrati does not have standing to maintain his quo warranto action against Foley under either R.C. 2733.05 or R.C. 2733.06. Because he is not the attorney general or a prosecuting attorney, he lacks standing to bring an action under R.C. 2733.05. And because he does not claim entitlement to the office of Montgomery County clerk of courts, he lacks standing to bring an action under R.C. 2733.06. *See Flanagan*, 2014-Ohio-2588, at ¶ 22 (losing candidate for disputed public office lacked standing to bring quo warranto action); *see also Freeman* at 345 (prison inmate who showed no claim of entitlement to office of prison superintendent could not maintain action in quo warranto to remove superintendent

from office); *E. Cleveland Fire Fighters' Assn.* at ¶ 10 (association lacked standing to bring quo warranto action to remove city's fire chief from office because association did not claim entitlement to that office).

{¶ 10} In his merit brief, Esrati nevertheless contends that the Second District erred in dismissing his complaint for lack of standing because when the attorney general or prosecuting attorney declines to bring an action to oust an incompetent or disqualified officeholder, "the ordinary standing rule produces an absurd result." In that situation, Esrati contends, Article II, Section 38 of the Ohio Constitution—which states that laws "shall be passed" to provide for the prompt removal from office of officials who commit misconduct—is rendered "a dead letter." Esrati contends that statutory standing should not be applied so rigidly and that when, as here, other officials have refused to act, the ordinary standing rule must be relaxed to permit a private citizen to bring a quo warranto action and give effect to the "removal clause." But the laws, such as R.C. 3.07, that implement Article II, Section 38's requirement that an office be forfeited for misconduct set forth specific procedural requirements for those removal proceedings, *see* R.C. 3.07 through 3.10, and do not provide for a less rigorous standing rule for extraordinary relief in quo warranto when someone other than the attorney general, a prosecuting attorney, or a person claiming a right to the office seeks to remove a public official from office. Moreover, although Esrati cites two cases in arguing that this court has construed statutes "in a way that preserves, rather than nullifies, constitutional requirements," neither requires us to broaden the statutory standing requirement to permit individual citizens with no claim of entitlement to a public office to seek a writ of quo warranto. *See State ex rel. Varnau v. Wenninger*, 2012-Ohio-224, ¶ 14 (holding that losing candidate for sheriff could not seek to invalidate incumbent's present term of office based on an alleged prior disqualification from an expired term of office); *Halak* at 293 (holding that losing candidate for city council was not

entitled to office if successful candidate was declared ineligible because vacancy would be filled by city council, not by accession of losing candidate).

**{¶ 11}** Esrati also argues that he satisfies the standing requirement as a "qualified elector" and "the only person willing to enforce the Constitution" in this case. But these labels do not confer standing on Esrati under the quo warranto statutes, and he cites no authority in statute or caselaw that would alter the rule that an individual who does not claim entitlement to an office lacks standing to bring an action in quo warranto.

**{¶ 12}** Accordingly, the Second District correctly dismissed Esrati's quo warranto action because he lacks standing.

### CONCLUSION

**{¶ 13}** We affirm the judgment of the Second District Court of Appeals dismissing Esrati's complaint for a writ of quo warranto.

Judgment affirmed.

———————————

David Esrati, pro se.

———————————